UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUBEN RICHARD**                                          **CASE NO. 2:23-CV-00230**

**VERSUS**                                                        **JUDGE JAMES D. CAIN, JR.**

**FREEDOM MORTGAGE CORP.**                   **MAGISTRATE JUDGE LEBLANC**

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Judgment on the Pleadings (Doc. 25) filed by the Defendant, Freedom Mortgage Corporation ("Freedom"). The Plaintiff, Ruben Richard ("Richard"), opposes the motion. Doc. 29.

This litigation arises from property damage that occurred at Richard's home from Hurricanes Laura and Delta. Doc. 42. Freedom owned Richard's mortgage at the time the hurricanes struck. *Id.* at ¶ 3.5. Richard originally filed a petition for damages asserting state-law claims against Freedom for breach of contract and declaratory judgment in the 36th Judicial District Court, Beauregard Parish, Louisiana. Doc. 1. The matter was then removed by Freedom to this court. *Id.* Thereafter, Freedom filed the instant Motion for Partial Judgment on the Pleadings. Doc. 25.

After Freedom's motion was filed, Richard sought leave of court to file a Second Amended Complaint, which was granted by the Magistrate Judge.[1] Doc. 32; Doc. 41.

---

[1] Freedom also filed a document titled "Defendant Freedom Mortgage Corporation's Objections to the Magistrate Judge's Memorandum Order Dated May 1, 2024," which was docketed as a "Motion to Strike" the Magistrate's order granting the Plaintiff's motion to amend his complaint. Doc. 44. The Defendant's filing contains a request to strike the claims discussed above from Plaintiff's complaint, not the Magistrate Judge's Order. *Id.* at 7. Because this memorandum ruling addresses the same issues within the context of a motion for judgment on the pleadings pursuant to Rule 12(c), the "Motion to Strike" will be denied as moot.

Plaintiff's Second Amended Complaint provides the following: updated jurisdiction and venue allegations; additional language concerning the use of the Louisiana Insurance Code as a measurement for consequential damages; removal of a cause of action for declaratory judgment; the addition of a new breach of contract claim based on Freedom's alleged failure to timely apply insurance proceeds to satisfy Plaintiff's loan; and supplementation to the breach of contract claims to allege bad faith and seek recovery of mental anguish and emotional distress damages as a consequence thereof.  Doc. 42.  The Court requested supplemental briefing based on the filing of the Second Amended Complaint. Doc. 43.  Both parties have submitted supplemental briefs and the matter is ripe for consideration.  Doc. 47; Doc. 51.

## LAW AND ANALYSIS

### I. Rule 12(c) standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after pleadings are closed but early enough so as not to delay trial.  Fed. R. Civ. P. 12(c).   Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  This Court limits its inquiry to the complaint, documents attached to or incorporated into the complaint, and documents referenced in the complaint that are central to the plaintiff's claims. *Coalition for an Airline Passengers' Bill of Rights v. Delta Air Lines, Inc.*, 693 F.Supp.2d 667, 675-76 (S.D. Tex. 2010) (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

A Rule 12(c) motion is decided based on the same standards as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "[T]he plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## II. Application

Freedom moves under Rule 12(c) for the dismissal of Richard's claims for: (a) remedies under or consistent with Louisiana Revised Statute § 22:1892, (b) attorney's fees, and (c) the recovery of nonpecuniary damages based on mental anguish and emotional distress.[2] Doc. 25; Doc. 47. Richard argues the motion should be denied. Doc. 29; Doc. 51.

### A.   Louisiana Revised Statute § 22:1892

Plaintiff's Second Amended Complaint does not assert a claim under Louisiana Revised Statute § 22:1892. However, Plaintiff's Second Amended Complaint references

---

[2] Freedom also moved for the dismissal of Richard's claim for a declaratory judgment. Doc. 25. Plaintiff's Second Amended Complaint dropped this claim, rendering this argument moot.

Page 3 of 7

Louisiana Revised Statute § 22:1892 as the measurement of appropriate consequential damages that would have otherwise been available against his insurance company if Defendant had not breached its obligation to pay the premium. Doc. 42 at ¶ 4.1(c).

Defendant moves to dismiss any claim for damages relying on this section of the Louisiana Insurance code arguing that it is inapplicable, potentially misleading to the factfinder, prejudicial, and inherently based on speculation as to how Plaintiff's former insurance carrier would have handled a claim. Doc. 25-1 at 4; Doc. 47 at 4. Defendant also contends that Plaintiff's reliance on the statute to support his claim for consequential damages is inappropriate as a matter of law. Doc. 47 at 5. Plaintiff argues that he is not seeking a remedy under the Insurance Code but simply asking that his consequential damages be determined based on what he could have received if he were able to sue his former insurance company so that he will have the opportunity to be made whole. Doc. 51 at 1-3.

The Court agrees with the Defendant and finds that the Plaintiff should not be able to maintain a claim indirectly that he could not sustain directly. Louisiana Revised Statute § 22:1892 is inapplicable to this matter because the Defendant is not an insurer. While Plaintiff's claims for consequential damages for breach of contract may proceed, the Court will dismiss the claim to the extent it seeks to measure those damages against a provision of the Insurance Code that is only applicable to insurers.

**B.     Attorney's fees**

Defendant moves to dismiss Plaintiff's request for attorney's fees, noting that the "American Rule" does not allow recovery of attorney's fees unless there is a statute or

contract providing for such recovery. Doc. 25-1 at 5-6; Doc. 47 at 2. Defendant notes that the mortgage does not contain a provision that would authorize the recovery of attorney's fees and the Plaintiff has not made a claim under a statute authorizing attorney's fees. *Id.* Plaintiff counters that his consequential damages should include all damages, including attorney's fees, which he was required to expend because of Defendant's breach of contract. Doc. 51 at 3.

Under Louisiana law, attorney's fees are recoverable only if provided for by statute or contract. *Johnson v. Bayshore Towers, LLC*, 2006 WL 8432429, at *10 (M.D. La. Mar. 24, 2006) (citing *Smith v. State of La., Dept. of Transp. & Dev.*, 2004-1317 (La. 3/11/05), 899 So.2d 516, 517); *Ogea v. Loffland Bros. Co.*, 622 F.2d 186, 191 (5th Cir. 1980); *Delta Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp.*, 833 F.Supp. 587, 591 (W.D. La. 1993). The Court has reviewed the mortgage that is central to the Plaintiff's claims and finds that it does not contain a provision allowing the recovery of attorney's fees. Doc. 25-3. Plaintiff's Second Amended Complaint does not assert a claim under a statute providing for the recovery of attorney's fees. As such, the Court agrees with the Defendant that attorney's fees are not recoverable and Plaintiff's claim for attorney's fees will be dismissed.

### C. Nonpecuniary Damages

Defendant also moves to dismiss Plaintiff's claim for mental and emotional damages, arguing that nonpecuniary emotional distress damages are not available as a matter of law. Doc. 47 at 5. Plaintiff maintains that he has properly asserted such claims under Louisiana jurisprudence. Doc. 51 at 4-6.

"There are two methods for recovery of nonpecuniary contractual damages under Louisiana law: (1) proof that the contract by its nature was intended to 'gratify a nonpecuniary interest' or (2) proof that the obligor intended through his breach of contract to 'aggrieve the feelings of' the obligee." *Floyd v. Wells Fargo Home Mortg. Co.*, 848 F.Supp.2d 635, 645 (E.D. La. 2012) (citing La. Civ. Code art. 1998). Other courts have found that a mortgage does not by its nature gratify a nonpecuniary interest. *Id.*; *Veal v. Wells Fargo Bank, N.A.*, 2016 WL 6024534, at *6 (E.D. La. Oct. 14, 2016). As for the second method of recovery, a plaintiff must show "that defendant's actions were calculated to inflict grief, vexation, or inconvenience on the other party." *Larkin v. UnitedHealthcare Ins. Co.*, 2017 WL 4390418, at *3 (E.D. La. Oct. 3, 2017) (quoting *Pinero v. Jackson Hewitt Tax Serv., Inc.*, 594 F.Supp.2d 710, 718 (E.D. La. 2009); *see also* 6 Saul Litvinoff, *Louisiana Civil Law Treatise*, § 6.16 (2d ed. 2023).

The Court finds the allegations contained in the Second Amended Complaint sufficient to survive a challenge under Rule 12(c). Plaintiff has alleged that he presented Defendant with sufficient insurance proceeds to pay off the outstanding note for his destroyed and unrepairable home, which Defendant was obliged under the contract to apply to the payoff of the loan. Despite repeatedly requesting a payoff, Plaintiff claims that Defendant refused to do so for two years, all while continuing to demand payment for the note and applying interest and penalties. Further, Plaintiff alleges that the Defendant continuously subjected him to collection demands and threats of foreclosure and impeded his ability to finance the redevelopment of his property or sale thereof. These allegations,

if true, could be construed as calculated to cause the Plaintiff grief or inconvenience. Defendant's motion will be denied as to this claim.

## CONCLUSION

For the reasons stated above, the Motion for Partial Judgment on the Pleadings (Doc. 25) filed by the Defendant will be **GRANTED IN PART** and **DENIED IN PART**. The motion will be **GRANTED** with respect to Plaintiff's claim for attorney's fees and references to Louisiana Revised Statute § 22:1892 and will be **DENIED** in all other respects. Defendant's Motion to Strike (Doc. 44) will be **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers on this 10th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**